

Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

Swiss Confederation

Federal Department of Justice and Police FDJP
**Federal Office of Justice FOJ**
Mutual Assistance Unit

BOT. FOJ, Bundesrain 20, 3003 Berne, Switzerland
**FEDERAL EXPRESS**
Office of International Affairs OIA
Department of Justice
Suite 800
1301 New York Ave., N.W.
Washington DC 20005
UNITED STATES

Your reference : New case
Our reference : B 206'829 BOT

Berne, November 16, 2009

**Request for assistance made by the Examining Magistrate's Office of Geneva on November 2, 2009 in re AGUIN MAGDALENA Jose Alberto**

Dear Sir or Madam

According to the provisions of the Treaty between the United States of America and the Swiss Confederation on Mutual Assistance in Criminal Matters, the Federal Office of Justice, Swiss Central Authority, requests the assistance of the appropriate US authorities in the above mentioned case.

The Examining Magistrate's Office is conducting an investigation against the above-mentioned person for money laundering linked to narcotics. All the relevant details concerning the facts of the case, concerned persons and the requested assistance may be taken out of the enclosed letter rogatory of November 2, 2009 and its respective translation.

We request that compulsory measures be ordered if necessary. Please keep us informed about the further developments in this case.

Thank you for your assistance.

Yours faithfully

Nicolas Bottinelli

Enclosure mentioned

182-32509

Nicolas Bottinelli
Bundesrain 20, 3003 Berne, Switzerland
Telephone : +41 31 323 57 04, Telefax : +41 31 322 53 80
irh@bj.admin.ch
http://www.bj.admin.ch

6.8.1/B 0206829/IRH2009011455/1471-0294



2

Copy to:

Cabinet des Juges d'instruction du canton de Genève
Case postale 3344
1211 Genève 3
(ad: PP N§ P/3291/2007)

Mr Daniel Boyd, Attache (FBI)
Embassy of the United States of America
Sulgeneckstrasse 19
3007 Bern

Schweizerische Botschaft
Washington
zHd.
- Frau Andrea Bosshard, Botschaftsrat (Rechtsfragen)
- Martin Zbinden, Botschaftsattaché, Verbindungsagent

*Translation from French*



Republic and Canton of Geneva
**JUDICIARY**
**Investigation**

Geneva, November 2, 2009

Office of the Examining Magistrate
Rue des Chaudronniers 9
P.O. Box 3344
1211 GENEVA 3
SWITZERLAND

Please address all correspondence
to the undersigned Magistrate personally.

P/8260/2000 - AEV

ATTORNEY GENERAL
U.S. DEPARTMENT OF JUSTICE
Office of International Affairs
Criminal Division
1301 New York Avenue NW
Suite 800
WASHINGTON, DC 20005

Ref.:   PP N° P/3291/2007
Please quote in all communications

# INTERNATIONAL LETTERS ROGATORY

Dear Attorney General,

I hereby inform you that I am in charge of conducting the investigation into the above-captioned proceedings instituted on the count of aggravated money laundering (art. 305bis no. 2 of the Swiss Criminal Code, hereafter "SCC"), an offence punishable with a custodial sentence not exceeding five years or with a monetary penalty.

In essence, the Spanish citizen José Alberto AGUIN MAGDALENA, born on ▮▮▮▮ 1955 is charged with having used the Swiss financial market for launder the proceeds of important cocaine trafficking operations worth several million dollars, .

************

## Reminder concerning the role of the Examining Magistrate in a criminal proceedings in Geneva

The proceedings was handed over to me in my capacity as Examining Magistrate.

According to Article 48 of the Geneva Law on the Organization of the Judiciary, the Examining Magistrate carries out all inquiries of the preliminary judicial investigation.

He is responsible for gathering all the evidence which will be later submitted to the Trial Court, and to this end, has the power to resort to the Criminal Police and to conduct all necessary hearings likely to help disclose the truth, for both the prosecution and the defence. Once the investigation reveals enough charges, the Examining Magistrate indicts the person who is being investigated. The heard persons may be the indicted persons or witnesses.



Republic and Canton of Geneva
**JUDICIARY**
**Investigation**

International Letters Rogatory of November 2, 2009
Page 2
Proceedings No. P/3291/2007

This letters rogatory is issued in order to identify the beneficial owners who received part of the laundered funds in bank accounts opened in banks in the United States of America (see further section "Assistance required").

\*\*\*\*\*\*\*\*\*\*

Established facts

Briefly, the investigated facts are as follows:

- José AGUIN MAGDALENA was sentenced on appeal in 2000 by the Spanish judicial authorities to four years of imprisonment for possession of goods related to drug trafficking and for possession of the money from the drug trafficking relating to a trafficking of more than 100 kg of cocaine dating back to the 1990s, trafficking organised by José Ramon PRADO BUGALLO. He served his sentence between November 25, 2002 and October 25, 2006.

- According to a report of the Spanish authorities dated December 4, 2007, José Ramon PRADO BUGALLO would still be active in drug trafficking. José AGUIN MAGDALENA would still assist him in laundering the proceeds from this activity.

- In the framework of the investigations carried out in Switzerland, several bank accounts have been seized:

    - Bank Piguet & Cie, account No. ▇▇▇▇, whose beneficial owner is Maria del Rosario CASTRO FERNANDEZ, wife of José AGUIN MAGDALENA.

    - Bank Pictet, Almapa account, whose beneficial owner is José AGUIN MAGDALENA.
      and the Hyaden account, whose beneficial owner is José AGUIN MAGDALENA,

    - Société Bancaire Privée SA, account No. ▇▇▇, whose beneficial owner is Maria del Rosario CASTRO FERNANDEZ.

- The analysis of the financial movements is illustrated in a flow chart (attachment 1)

- Basically, the funds currently seized, regardless of who the current beneficial owner of the account is, all come from cash deposits or transfers made between 1994 and 2000 on bank accounts previously opened at the BFI, the Bank Piguet, the bank Pictet and the SBP, and whose beneficial owner was José AGUIN MAGDALENA. No new inflows of funds have been made since March 20, 2000.

- Specifically, cash deposits of more than CHF 3,000,000 (BFI account No. ▇▇▇) were paid into one of the accounts of the person being investigated between 1994 and 1995. Another account of the said person (BFI account No. ▇▇▇) was provisioned by other cash deposits amounting to a total of USD 1,745,077 in May 1998, as well as by a bank transfer of USD 662,000 on June 9, 1998 originating from an account opened at the BFI bank and whose beneficial owner is one Miguel Luciano



Republic and Canton of Geneva
**JUDICIARY**
**Investigation**

International Letters Rogatory of November 2, 2009
Page 3
Proceedings No. P/3291/2007

REPRESA SANCHEZ. This account had been itself provisioned on June 4, 1998 with a total of USD 662,014 originating from an account opened at the SBP bank and whose beneficial owner was José AGUIN MAGDALENA. This last account had been provisioned by a cash deposit made in pesetas of an equivalent value of USD 660,723 on the day before, i.e. June 3, 1998. It was also established that another cash deposit made in pesetas of an equivalent of USD 652,037 was made in June 10, 1998 onto another account of José AGUIN MAGDALENA at the Piguet bank.

- Thus more than CHF 6,000,000 were credited on the accounts of the said person between 1994 and 1998, an amount that does not in the least correspond with the figures announced as being the non-declared profits linked to his businessman's activities.

- The Almapa account, currently seized at the Pictet bank in Geneva, was provisioned by two transfers, € 661,113 on June 15, 1999 and € 1,020,978 on March 23rd, 2000, originating respectively from the Portuguese Commercial Bank in Lisbon and the Portuguese Bank of Negotiations in the Cayman Islands.

- Not only for these important inflows of funds in a simultaneous or immediately subsequent period to the criminal activities for which the said person was sentenced but also the destination given to part of these funds make it possible to believe at this stage of the investigation that the funds were of criminal origin.

- Indeed, several transfers were made from the BFI account No. ▮▮▮▮ o the following companies or persons:

    - Escony Trading Corp. at Hamilton Bank, Miami

        May 25, 1998: USD 539,270
        June 3, 1998: USD 300,000
        June 4, 1998: USD 177,000

    - Fernando IBAGON at Bank of America, Miami

        June 3, 1998: USD 150,000

    - Consorcio Nasher Limitada at Commercial Bank in Coral Gables, Florida

        June 3, 1998: USD 300,000

- As for these companies, they were part of an investigation carried out in Geneva as companies involved in money laundering linked to drug trafficking with South America.

Republic and Canton of Geneva
**JUDICIARY**
**Investigation**

International Letters Rogatory of November 2, 2009
Page 4
Proceedings No. P/3291/2007

## Assistance requested

The present letters rogatory aims at obtaining the following assistance from the American authorities:

1. All the bank documents, including those regarding account openings (including profiles of clients, beneficial owners and power of attorney), bank statements, as well as possible letters, emails, records of meetings, trips or phone calls, orders given, etc., as well as the bank statements for 1989 for the following bank accounts:

   - Escony Trading Corp. at Hamilton Bank, Miami
   - Fernando IBAGON at Bank of America, Miami
   - Consorcio Nasher Limitada at Commercial Bank in Coral Gables, Florida

   According to the information I have, it would be possible to consult the American proceedings lead by the Internal Revenue Service (IRS) of San Juan, Puerto Rico on the account of the company Consorcio Nasher at the Commercial Bank in Coral Gables, Florida.

2. Identify the directors of the companies Escony Trading Corp. and Consorcio Nasher Limitada, as well as the persons authorized to represent these companies.

3. Hear the people identified under points 1 and 2 as witnesses in order for them to give explanations about the economic background of the transfers of funds being investigated.

4. Hear the person(s) responsible for the American procedures (IRS or other agencies) that investigated the persons or entities mentioned in this request.

According to article 12 paragraph 3 of the Treaty on mutual assistance in criminal matters (TEJUS in its French acronym) signed by both our countries, I would kindly request you to authorize inspectors Mr. Francis BUILLARD and Ms. Coralie GANDER of the Financial Squad of the Geneva Criminal Police, as well as Ms. Patricia LACROIX STAEHLI, financial analyst on financial organized crime with the Office of Examining Magistrates, in order for them to travel to your country to analyze the requested bank documents and be present during the hearings of the witnesses.

This international letters rogatory is sent to you in accordance with Article 1 *et seq.* of the Treaty between Switzerland and the United States of America on mutual assistance in criminal matters of May 25, 1973.

The contact people for the execution of this letters rogatory are:

- Yves AESCHLIMANN, Examining Magistrate:
  yves.aeschlimann@justice.ge.ch - Tel. +41.22.327.22.57

- Francis BULLIARD, inspector at the financial squad: francis.bulliard@police.ge.ch - Tel. +41.22.427.86.41



Republic and Canton of Geneva
**JUDICIARY**
**Investigation**

International Letters Rogatory of November 2, 2009
Page 5
Proceedings No. P/3291/2007

I am obviously entirely at your disposal should you require further information.

I thank you for your invaluable help.

Yours sincerely,

The Examining Magistrate

Yves AESCHLIMANN

Attachments:

1. Mentioned
2. Legal provisions

Sofia VARELA HALL
Traductrice-interprète
auprès des juges d'instruction

Republic and Canton of Geneva
**JUDICIARY**
Investigation

International Letters Rogatory of November 2, 2009
Page 6
Proceedings No. P/3291/2007

## Swiss Criminal Code

Article 305bis: Money laundering

1. Whoever commits an activity designed to hinder the identification of the source, the discovery or the confiscation of assets which he knows, or must assume, to be derived from a crime,
shall be sentenced to custodial sentence not exceeding three years or monetary penalty.
2. In serious cases the penalty shall be custodial sentence not exceeding five years or monetary penalty. The custodial sentence shall be combined with a monetary penalty not exceeding 500 day-fines.
A case is considered serious in particular if the offender:
   a. acts as a member of a criminal organisation;
   b. acts as a member of a gang which was formed for the purpose of continual money laundering;
   c. acts as a professional money launderer thereby producing a large turnover or a substantial profit.
3. The offender shall also be punished if the principal offence was committed abroad in a jurisdiction where it is also punishable by law.

## Geneva Code of Criminal Procedure

Article 107A: Rights of persons heard by the police
1. Within the framework of its hearings, the police shall indicate to the persons being heard that they must comply with the necessary measures establishing their identities. The police shall inform the persons without delay of whether they are heard as informers or as alleged offenders.
2. When persons are heard for information, articles 46 to 49 shall apply by analogy.
3. When persons are heard as presumed offenders, they shall be informed without delay, by means of a copy of the present article in a language that they understand, that:
   a) The persons shall be put at the disposal of the examining magistrate within 24 hours at the most, otherwise they shall be released; the examining magistrate has up to 24 hours to question them and release them or issue an arrest warrant against them;
   b) The persons may, at all times during the hearing and when they are about to leave the police premises, request to undergo examination by a physician; such an examination may also take place at the police's request;
   c) The persons may be informed of the charges and the claims made against them;
   d) The persons cannot be forced to give evidence against themselves or to admit their guilt;
   e) The persons may inform a relative or their employers about their detention, except when there exists a risk of collusion or risk for the investigation, and inform their lawyers;
   f) If the persons are foreigners, they may inform their consulates about their detention;



Republic and Canton of Geneva
**JUDICIARY**
**Investigation**

International Letters Rogatory of November 2, 2009
Page 7
Proceedings No. P/3291/2007

g) The persons may have the visit of and confer freely with a lawyer as soon as the hearing by the police officer is over, but, at the latest, during the first working hour at the end of the 24-hour period following the beginning of the police hearing, except when there exists a risk of collusion or risk for the investigation, bearing in mind that visiting hours for lawyers may be restricted to two hours on Saturdays, Sundays and public holidays;
h) The persons may ask for a lawyer to be appointed, if they do not know one;
i) The persons may, if necessary, ask for legal aid, under the conditions provided for by the law.

---
[4] The police report shall mention that the persons have been informed of these facts.

